# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL CASTRO, | ) | 1:10-cv-01092-AWI-SKO |
| | ) | |
| | ) | **FINDINGS AND RECOMMENDATIONS** |
| Plaintiff, | ) | **THAT PLAINTIFF'S APPLICATION** |
| | ) | **FOR AN AWARD OF ATTORNEY'S** |
| v. | ) | **FEES PURSUANT TO THE EQUAL** |
| | ) | **ACCESS TO JUSTICE ACT BE** |
| MICHAEL J. ASTRUE, | ) | **GRANTED** |
| Commissioner of Social Security, | ) | |
| | ) | (Doc. 21) |
| Defendant. | ) | **OBJECTIONS DUE: 14 DAYS** |
| | ) | |
| | ) | |

## I.   INTRODUCTION

Plaintiff Michael Castro ("Plaintiff") filed a complaint on June 8, 2010, seeking reversal of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security disability benefits. (Doc. 1.) On September 2, 2011, the Court issued an order reversing the ALJ's decision and remanding the case, and entered judgment in favor of Plaintiff. (Docs. 19, 20.)

On December 1, 2011, Plaintiff filed an application for an award of fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $10,942.56. (Doc. 21.) On December 16, 2011, the Commissioner filed an opposition to Plaintiff's request asserting that the total number of hours expended by Plaintiff's counsel was unreasonable. (Doc. 24.)

1    For the reasons set forth below, the Court RECOMMENDS that Plaintiff's EAJA application

2    be GRANTED in the amount of $7,685.86.

3                                  **II.    DISCUSSION**

4    **A.    Legal Standard**

5          Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency

6    decision in a civil action are entitled to reasonable fees and other expenses:

7          [A] court shall award to a prevailing party other than the United States fees and other
           expenses . . . incurred by that party in any civil action (other than cases sounding in
8          tort), including proceedings for judicial review of agency action, brought by or
           against the United States in any court having jurisdiction of that action, unless the
9          court finds that the position of the United States was substantially justified or that
           special circumstances make an award unjust.
10

11          Any application for an award of EAJA fees and other expenses must be made within thirty

12   days of final judgment in the action and "must include an itemized statement from any attorney

13   representing or appearing on behalf of the party stating the actual time expended and the rate at

14   which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting

15   the application is also required to allege that the position of the United States was not substantially

16   justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net

17   worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

18   **B.    Plaintiff is Entitled to an Award of EAJA Fees and Other Expenses**

19          As an initial matter, Plaintiff has met the statutory criteria to be eligible for an EAJA award

20   of fees and other expenses. A remand pursuant to sentence four of 42 U.S.C. § 405(g) has been

21   found to constitute a final, appealable judgment. *Shalala v. Schaefer*, 509 U.S. 292, 296-302 (1993).

22   A party who obtains a sentence four remand in a social security appeal is a prevailing party for

23   purposes of the EAJA. *Schaefer*, 509 U.S. at 302. Here, Plaintiff asserts that he was a prevailing

24   party for purposes of the appeal because the ALJ's decision was reversed and remanded and

25   judgment was entered in Plaintiff's favor. (Doc. 21-1, 2:15-19.) The Commissioner does not dispute

26   this. Plaintiff further asserts that his net worth as an individual was not more than $2,000,000 at the

27   time the civil action was filed pursuant to 28 U.S.C. § 2412(d)(1)(D)(2)(B), which is also undisputed

28   by the Commissioner. (Doc. 21-1, 2:20-22.) Plaintiff's assertion that the Commissioner's position

                                            2

was not substantially justified is also undisputed.  (Doc. 21-1, 3:15-4:21.)   The Court finds that Plaintiff is entitled to an award of his reasonable attorney's fees and expenses.

**C.   Reasonableness of the Fees**

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984).  "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983).  "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)).  The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

**1.     Hourly Rates**

Plaintiff requests $175.06 per hour for work performed by his counsel in 2010 and $179.51 per hour for work performed in 2011, which are the applicable statutory maximum hourly rates under EAJA for attorney work performed in 2010 and 2011, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6.  These rates are unopposed and have been considered reasonable in other social security cases in this district.  *See, e.g., Roberts v. Astrue*, No. 1:09-cv-1581-DLB, 2011 WL 2746715, at * 4 (E.D. Cal. July 13, 2001). The Court does not find any basis to recommend a reduction to the hourly rates requested.

**2.     Hours Expended**

As to hours expended, Plaintiff's application for an award of EAJA fees seeks attorney's fees for 23.9 hours of work performed by Ms. Bosavanh in 2010 and 38.0 hours of work performed by Ms. Bosavanh in 2011.  The Commissioner asserts that the 61.9 hours expended by Plaintiff's

counsel is unreasonable on its face. (Doc. 24, 2:19-3:15.) Specifically, the Commissioner contends that Plaintiff's counsel spent time on clerical or administrative tasks that are not compensable under the EAJA, many time entries lack any specificity and appear unreasonable, and the amount of time spent preparing the confidential letter brief, the opening brief, and the reply brief was excessive. (Doc. 24, 3:18- 7:14.)

### a.    Clerical Tasks and Time Expended Reviewing Routine Documents

While the Court does not find that Plaintiff's counsel's time expended reviewing routine documents, filings, and court orders is per se non-compensable under the EAJA, these time entries are nonetheless unreasonable in the aggregate. *See Aguilera v. Astrue*, No. 08-cv-67 WQH (JMA), 2009 WL 1156510, at *3 (S.D. Cal. Apr. 28, 2009) ("Review of service documents and other documents filed in this Court is not clerical work that could have been performed by a non-attorney."). The amount of time spent by Ms. Bosavanh reviewing documents is unreasonable when considered as a whole. Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately. Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total. Thus, for example, when eight separate tasks that require one minute each (for a total of eight minutes of time) are billed as eight discrete six-minute tasks, the billing reflects 48 minutes of time. In other words, eight minutes of actual time spent generates billing entries of 48 minutes. Repeated 0.1 entries (six minutes) for tasks that require less than six minutes each will ultimately reflect more time than that actually expended. Ms. Bosavanh provides the following time entries pertaining to the review or completion of routine documents and orders:

| Date | Description | Time |
|------|-------------|------|
| 06/08/10 | Review court docket filing | 0.1 |
| 06/09/10 | Review court notice re: IFP | 0.1 |
| 06/16/10 | Review another court notice re: IFP | 0.1 |

| 06/16/10 | Review court order granting motion to proceed IFP and related documents | 0.1 |
|---|---|---|
| 06/16/10 | Review summons, scheduling order, and related documents filed by the court | 0.2 |
| 06/29/10 | Decline to proceed before magistrate judge | 0.2 |
| 06/30/10 | Review notice and review docket | 0.1 |
| 07/01/10 | Review order re: judge reassignment | 0.1 |
| 07/07/10 | Receive return receipt from Attorney General | 0.1 |
| 07/09/10 | Review consent to jurisdiction by magistrate judge by OGC | 0.1 |
| 07/20/10 | Review return receipt from Commissioner of Social Security and U.S. Attorney | 0.1 |
| 10/27/10 | Review notice of lodging of transcript | 0.1 |
| 10/28/10 | Review acknowledgment of receipt of transcript | 0.1 |
| 12/30/10 | Review court docket notice | 0.1 |
| 01/05/11 | Review court docket re: order signed | 0.1 |
| 04/05/11 | Review designation of counsel for service | 0.1 |
| 09/02/11 | Review court order reversing and remanding case | 0.1 |
| 09/02/11 | Review judgment in favor of Plaintiff | 0.1 |

**Total:**     **2.0 hours**

        While the Court appreciates the need for counsel to review court orders and the docket, the

total billed for reviewing the documents above is unreasonable when each event is recorded as a

5

1  discrete six-minute event.  Multiple 0.1 time entries for review of single-page documents in the

2  record, such as notices and minute orders, resulted in an unreasonable accumulation of time.

3        Review of the documents listed above by a practitioner thoroughly familiar with social

4  security appeals in this district, as counsel is here, should require no more than two to three minutes

5  per task, particularly because the electronic docket system provides counsel with email notices of

6  docket activity and a link to any document filed; thus, an attorney does not even have to log into

7  CM/ECF to view the docket entry.  While these activities do take time, billing judgment must be

8  exercised in reviewing the accumulation of 0.1 billing entries and comparing such entries to the time

9  actually expended performing these tasks.  Based on the activities recorded in reviewing or preparing

10  routine, simple documents, the Court finds that only 0.5 of the time expended on these activities is

11  reasonable; thus, a reduction of 1.5 hours is warranted.  As most of the time entries were billed at

12  the 2010 billing rate, the reduction of hours will be calculated at the 2010 billing rate.

13        Additionally, Plaintiff's counsel expended 1.8 hours preparing, reviewing, and submitting the

14  civil cover sheet, the complaint, proposed orders, an IFP application, "related documents," and the

15  proof of service as to the summons.  (Doc. 21-2, p. 2.)  In the context of a social security appeal,

16  these documents are extremely routine.  The complaint in this case is three pages long and, unlike

17  the opening brief, does not require a plaintiff to set out arguments or facts in any particular detail.

18  Only one proposed order was filed; this was a downloaded form and not a document that counsel

19  prepared.  Additionally, there were no other "related documents" filed or served, and thus the time

20  recorded as preparing "related documents" on June 8, 2010, appears to be an error.  Further, as it

21  relates to the June 29, 2010, "[r]eview and prepar[ation of the] summons return executed," the docket

22  indicates the summons proof of service was not completed by Plaintiff's attorney, but by a paralegal

23  or legal secretary in Plaintiff's counsel's office.  (*See* Doc. 8.)  Upon review of the documents

24  completed for filing and service on June 8, 2010, and the time expended to review the executed

25  summons on June 29, 2010, only 0.8 hour is reasonable, and a 1.0 hour reduction is warranted.

26        **b.**    **Insufficiently Documented Billing Entries**

27        Ms. Bosavanh's billing entry on June 26, 2010, which indicates that 1.1 hours of time were

28  spent to "[p]repare documents for service of three government defendants," lacks any specificity.

(Doc. 21-2, p. 2.)  The Court presumes that the documents prepared and served included Plaintiff's complaint and civil cover sheet which had been prepared on June 8, 2010, and the time for drafting those documents had been already billed.  (*See* Doc. 21-2, p.2.)  Thus, "preparation" of these documents on June 26, 2010, would consist of printing them out, as opposed to drafting them.  As the work documented in this time entry lacks specificity and appears entirely duplicative of the time spent preparing documents on June 8, 2010, this time should not be awarded.  *See Hensley*, 416 U.S. at 433 (it is the fee applicant's burden to submit "evidence supporting the hours worked").  A 1.1 hour reduction of time is warranted for the time expended on June 26, 2010, on this task.

Second, on May 26, 2010, Plaintiff's counsel spent 0.4 hours to "[c]onference with in house attorney re: merits of case." (Doc. 21-2, p. 2.)  This attorney conference billing is confusing because it is unclear who or what an "in house attorney" is for purposes of this case or why the consultation was necessary.  This time should not be awarded as it is insufficiently documented and appears unreasonable.

Finally, there was an unusual amount of time spent by Plaintiff's counsel communicating with Plaintiff as it related to a fee agreement, the IFP application and drafting the fee agreement. Specifically, Plaintiff's counsel billed a total of 1.0 hour conferencing with Plaintiff between April 26, 2010, and June 4, 2010, apparently related to the fee agreement and the motion to proceed *in forma pauperis*.  Plaintiff's counsel also billed 0.6 hour to draft a fee contract, conference with Plaintiff to discuss the contract, and review the documents submitted by the client.  The fee agreement attached to the application is a one-page boilerplate document.  Although counsel's communications with Plaintiff are confidential, there is no indication in the billing records why 1.6 hours of time was necessary for counsel to assist Plaintiff with signing a one-page fee agreement and completing a two-page check-box IFP application.  Without a sufficient explanation of the additional time needed for these activities, the billing entries appear excessive and unwarranted on their face. Thus, Plaintiff's time spent on these activities should be reduced by 1.0 hour.

### c.   Block-Billing Entries and Duplicative Work

The Commissioner contends that the amount of time Plaintiff's counsel expended preparing the confidential letter brief, the opening brief, and the reply brief was excessive.  As it pertains to

these tasks, Ms. Bosavanh presents her time entries in block-billing format.  Block billing refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case rather than itemizing the time expended on specific tasks."  *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996).  "Block billing, which bundles tasks in a block of time, makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended."  *Aranda v. Astrue*, No. CV 08-340-MA, 2011 WL 2413996, at *5 (D. Or. June 8, 2011).  However, while "the fee applicant bears the burden of submitting 'evidence supporting the hours worked and the rates claimed,'" counsel is "'not required to record in great detail how each minute of his time was expended.'"  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley,* 461 U.S. at 437 n.12.).  Thus, in *Fischer*, the Ninth Circuit explained that, rather than refusing to award any fees where documentation is insufficient because of block-billing, the court should either request more information or "simply reduce[] the fee to a reasonable amount."  *Id.*  (citing *Hensley*, 461 U.S. at 433 for the proposition that a district court can "reduce" the fee award where the documentation is inadequate).

Here, while Ms. Bosavanh's time spent on reviewing the administrative record, conducting research, and drafting the briefs is compensable, the large block-billed entries do not delineate how much time was expended on the tasks recorded in each entry.  Specifically, Ms. Bosavanh spent 7.6 hours on November 25, 2010, on several tasks including reviewing the administrating record, conducting research, and completing a first draft of the confidential letter brief.  (Doc. 21-2, p. 3.) On November 26, 2010, Ms. Bosavanh spent an additional 6.8 hours again reviewing the administrative record, drafting, editing, and finalizing the confidential letter brief.  (Doc. 21-2, p. 3.)  On March 3, 2011, in connection with filing the opening brief, Ms. Bosavanh expended 9.0 hours conducting research and drafting the opening brief.  On March 4, 2011, Ms. Bosavanh spent 8.5 hours researching, drafting, editing, and finalizing the opening brief.

While the Court appreciates the need for Ms. Bosavanh to reacquaint herself with the facts and the record, there are two separate entries that relate to reviewing the administrative record in connection with drafting the confidential letter brief, which are in addition to the 2.7 hours counsel previously spent reviewing the administrative record on April 21, 2010, and October 28, 2010. (Doc.

1   21-2, pp. 2-3.)  Without any indication of how much time was spent reviewing the administrative

2   record in the block-billed entries on November 25 and 26, 2010, some of the time appears

3   duplicative and redundant.  Moreover, because the issues raised in the confidential brief necessarily

4   overlapped with the issues addressed in the opening brief, the amount of time spent reviewing the

5   record, researching the issues presented, and drafting the opening brief should be discounted.  Thus,

6   of the 15.4 hours spent on the confidential brief, a 3.4 hour reduction of time is warranted.  *See*

7   *Fischer*, 214 F.3d at 1121.  To account for overlap of the issues the research between the confidential

8   brief and the opening brief, a 4.5 hour reduction of time is warranted from the 17.5 hours counsel

9   expended on the opening brief.

10          Finally, Plaintiff's counsel spent 7.5 hours on April 16, 2011, researching issues and drafting

11   a reply brief.  On April 17, 2011, Plaintiff's counsel spent 8.3 hours finalizing the reply brief.  As

12   noted above, because these entries are billed in block format, it is impossible to ascertain how much

13   time was spent on any particular task related to the reply brief.  Moreover, the reply brief was only

14   nine pages long and related to four issues that were already discussed in the opening brief.  Thus,

15   15.8 hours of time expended on the reply brief is unreasonable and a reduction of 5.8 hours is

16   warranted.

17          In sum, the 48.7 hours of time Ms. Bosavanh expended preparing the confidential letter brief,

18   the opening brief, and the reply brief should be reduced by 13.7 hours.  *See, e.g., Role Models Am.,*

19   *Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's

20   practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their

21   reasonableness"); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not

22   quarrel with the district court's authority to reduce hours that are billed in block format.  The fee

23   applicant bears the burden of documenting the appropriate hours expended in the litigation and must

24   submit evidence in support of those hours worked.").  This reduction allows 35.0 hours to complete

25   the confidential brief, the opening brief, and the reply brief, which the Court deems a reasonable

26   amount of time to complete the work performed.

27   ///

28   ///

        d.      **Time Expended on the EAJA Application**

        The Commissioner asserts that the 1.5 hours expended by Plaintiff's counsel in preparing the EAJA application is insufficiently documented, is an unreasonable amount of time to prepare the application, and should be reduced.  As discussed in relation to *many* of Plaintiff's counsel's EAJA applications that this Court has reviewed, 1.5 hours to review time entries, prepare the EAJA application, and submit a declaration in support of the time requested does not appear unreasonable. *See Chanthavong v. Astrue*, No. 1:09-cv-1561-SKO, 2011 WL 6751930 (E.D. Cal. Dec. 23, 2011) ("the Court does not find 1.5 hours unreasonable for [counsel] to review the file, review [the] time expended, and prepare the EAJA application, even in light of the fact that portions of the documents contain boilerplate language").

    **3.      Conclusion**

        As set forth above, the Court finds that Ms. Bosavanh's time expended warrants a reduction of 18.7 hours $(1.5 + 1.0 + 1.1 + 0.4 + 1.0 + 3.4 + 4.5 + 5.8 = 18.7)$ of the 61.9 total hours expended. The Court recommends the following award of attorney's fees:

| **Ms. Bosavahn** | **2010** | **2011** | **Totals** |
|---|---|---|---|
| **Hours:** | 15.5 <br><br> (23.9-8.4 (1.5 + 1.0 + 1.1 + <br><br> 0.4 + 1.0 + 3.4)) | 27.7 <br><br> (38.0- 10.3 (4.5 + 5.8)) | 43.2 |
| **Rate:** | $175.06 | $179.51 | |
| **Total Award:** | $2,713.43 ($175.06 x 15.5) | $4,972.43 ($179.51 x 27.7) | $7,685.86 |

        **III.    CONCLUSION AND RECOMMENDATION**

        Pursuant to the declarations and time entries submitted, 43.2 (15.5+ 27.7) hours expended by Plaintiff's counsel on the litigation is reasonable.  For the reasons set forth above, a reduction of eighteen and seven-tenths of an hour (18.7) is warranted for duplicative or otherwise unnecessary and unreasonable time spent by Plaintiff's counsel.

        Accordingly, IT IS HEREBY RECOMMENDED that:

        1.      Plaintiff's application for an award of attorney's fees be GRANTED in the amount of
                $7,685.86; and

2.      Plaintiff should be paid in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 13, 2012**                          **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE

11